IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

NOVA KNICKS,                                        Civ. No. 6:26-cv-01180-AA

                    Plaintiff,                      **OPINION & ORDER**

          v.

FOREMOST INSURANCE COMPANY
OF GRAND RAPIDS, MICHIGAN; C-2
UTILITY CONTRACTORS, INC.

                    Defendants.

_____

AIKEN, District Judge.

This case comes before the Court on Defendant Foremost Insurance Company of Grand Rapids, Michigan's ("Foremost") Notice of Removal (the "Notice"), ECF No. 1.  Because Foremost had no right to remove the case at this stage, and this Court cannot determine that the action is within its subject matter jurisdiction, the Court remands these proceedings to the state court.

**LEGAL STANDARD**

The removal of civil actions from state courts to a federal court are governed by 28 U.S.C. § 1446. The process is defined by the statute: "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States . . . a notice of removal . . . containing a short and plain statement

Page 1 –OPINION & ORDER

of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." § 1446(a).

Of course, not every case has "grounds for removal." Removability is premised on the existence of federal subject matter jurisdiction in the pleadings, such as the presence of a federal question or diversity of citizenship. See 28 U.S.C. 1331, 1332. The question of whether "a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

"[D]istrict court[s] ha[ve] original jurisdiction over civil actions between citizens of different states in which the alleged damages exceed $75,000." *Rahbarian v. Allstate Ins. Co*, 785 F.Supp.3d 768, 771 (9th Cir. 2025) (citing § 1332(a)(1)). "The party asserting federal jurisdiction bears the burden of proving diversity[,]" which "is determined as of the time the complaint is filed and removal effected." *Id.* (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986); *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002)).

"Removal based on diversity requires that the citizenship of each plaintiff be diverse from the citizenship of each defendant (i.e., complete diversity)." *Id.* at 772 (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). "Removal statutes are to be strictly construed against removal." *Id.* at 772 (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

Removability is "determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further

inquiry." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir 2005). "If no ground for removal is evident in that pleading, the case is 'not removable' at that stage." *Id.* If a defendant receives "an amended pleading, motion, order or other paper" that demonstrates a basis for removal, a notice of removal may be filed "within 30 days of receipt[.]" § 1446(b)(3).

## DISCUSSION

Foremost filed a Notice on June 10, 2026, in which it alleged that this Court had subject matter jurisdiction based on diversity of the parties. ECF. No. 1. In its Notice, Foremost recites the allegations of the state complaint, ECF No. 1-1, that Plaintiff Nova Knicks is a citizen of Oregon and that Foremost is a citizen of Michigan.

What is not included in Foremost's Notice is the allegation of citizenship of the other defendant, C-2 Utility Contractor's, Inc. ("C-2"). Foremost includes C-2 in the case caption but makes no other reference to that party in its Notice.

The state complaint, on which the removal must be based, alleges that "[a]t all material times hereto, [C-2] was a domestic corporation in the State of Oregon[.]" ECF No. 1-1 at 2. On the face of the pleadings, there is no diversity of citizenship because the state complaint alleges that Plaintiff and C-2 are citizens of the same state. No grounds for removal existed when Foremost filed its Notice, therefore the Notice fails, and the Court does not have subject matter jurisdiction over this action.

## CONCLUSION

For the reasons set forth above, Defendant Foremost's Notice of Removal, ECF No.1, is defective and this Court does not have subject matter jurisdiction over this action.  This case shall be REMANDED to the state court for further proceedings. All pending motions are MOOT. The Clerk of Court shall administratively close this case.

It is so ORDERED and DATED this ____17th____ day of June, 2026.


 /s/Ann Aiken
ANN AIKEN
United States District Judge